

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-1851
Re: Whether stamp tax levied
by Article 7047e, Vernon's
Revised Civil Statutes, is
payable in certain instances

    In your letter of January 12, 1940, you
request our opinion in response to the following ques-
tions:

    1. Would state note stamps be required
on a deed which has the following considera-
tion:

THE STATE OF TEXAS)
COUNTY OF McLENNAN)  KNOW ALL MEN BY THESE
                     PRESENTS:
    That I, Birdie Wilson, of the County
of McLennan, State of Texas, for and in
consideration of the sum of Forty-five
Hundred and No/100 ($4500.00) Dollars, to
me in hand paid by T. J. Logue, as follows:

    The sum of $500.00 in cash, receipt
of which is hereby acknowledged and con-
fessed; and the further consideration that
the grantee herein takes said property
subject to, but in no wise assuming that
certain indebtedness due thereon to Roy
Rutland, Jr., of McLennan County, Texas,
the balance now due on said indebtedness
being the sum of $4000.00 --------------.

Honorable Charley Lockhart, page 2

2. Would state note stamps be required on a deed where the grantee assumed pre-existing indebtedness, which indebtedness was secured by a prior lien which had been stamped when it was filed for record?

3. Would a chattel mortgage be subject to state note stamps which is given on personal property as further security for the same indebtedness, between the same parties that is secured by a vendor's lien and deed of trust lien on real estate, on which state note stamps had been paid. In other words, the obligation is the same between the same parties but the property covered by the chattel mortgage is not the same property covered by the vendor's lien and/or deed of trust lien.

4. The deed to real estate, located originally in "X" County, was duly recorded in "X" County in the year 1927. Later the county boundary lines were changed, causing the property to be in "Y" County. Would the recording of the deed with vendor's lien in "Y" County be subject to being stamped under Article 7047e?

Article 7047e, Vernon's Revised Civil Statutes, reads in part as follows:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date

Honorable Charley Lockhart, page 3

of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, provided further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment."

Honorable Charley Lockhart, page 4

Clearly the tax is not due upon the instrument mentioned in your first question. Such instrument is merely one of conveyance and is not one creative of security for the indebtedness of $4000 mentioned therein.

We also answer your second and third questions in the negative. In our conference opinion No. 3061 addressed to you, we expressed the view that the tax levied by this statute is upon the privilege of using the office of the county clerk for the recording of certain instruments. However, we believe that a reading of the statute as a whole discloses an intent on the part of the Legislature not to permit a pyramiding of this tax. The first sentence in the act would indicate that the tax should be collected only once with reference to any particular indebtedness. Further in the statute we find renewals and refundings of the original principal indebtedness protected from having such subsequent instruments to be stamped, where the tax was paid on the original instrument of security. It is also provided that where several instruments are contemporaneously executed to secure one obligation, the tax shall apply to only one instrument. Furthermore, an instrument once stamped may be recorded in other counties in the State without again being subjected to the tax. We do not regard our answer to your second question as being in conflict with our opinion No. C-1328 addressed to Honorable E. W. Easterling, County Attorney, Beaumont, Texas. In that opinion we held that a deed would be required to bear the stamps where the purchaser was therein required to assume a pre-existing indebtedness, but the prior deed in which the vendor's lien was originally created had been recorded without payment of the tax.

With reference to your fourth question, we will ask that you kindly obtain and furnish us the details concerning the manner and method of the change of the county boundary line.

Yours very truly

APPROVED FEB 7, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

CRL:LW